IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | Case No.  8:12CR271 |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | |
| ) | FINDINGS AND RECOMMENDATION |
| PAUL A. ROSBERG,    ) | |
| ) | |
| Defendant.    ) | |

     This case is before the court on the defendant Paul A. Rosberg's Motion to Dismiss the Indictment and Motion to have Preliminary Hearing (#24).[1]  The government filed a Response to Defendant's Motion (#29) .  The defendant moves for dismissal of his indictment because he did not have the opportunity to challenge the grand jury in its formation[2] and that he has a right to a preliminary hearing.

     On September 19, 2012, I entered a Findings and Recommendation that defendant's motion to dismiss indictment (#16) should be dismissed and any issue raised in the motion be deemed abandoned for violation of Local Rule of the United States District Court for the District of Nebraska 12.3(b)(1).  That Finding and Recommendation was adopted on October 10, 2012, by Memorandum and Order (#26).  The memorandum noted that defendant's second motion (#24) is pending.

     After careful review of defendant's Motion to Dismiss and to Have a Preliminary Hearing (#24), I find the motion should be denied as it suffers from the same deficiencies as the prior motion – failure to file the required brief.  While the title of the pleading states,

---

    [1]  The motion in the title states, "Brief Included with."

    [2]  Defendant does not claim or demonstrate that the grand jury was improperly seated other than his argument challenging its formation.

"Brief Included with," the document does not include those items normally found in a brief. Specifically, the document fails to cite any legal authority in support of defendant's arguments[3].

In the alternative, if I am incorrect as to my conclusions and recommendation as to the violation of the local rule, I would recommend denial of defendant's motion in its entirety because as a matter of law, the defendant's positions are without legal authority. Specifically, the defendant has no legal right to pre-screen or participate in the selection of a grand jury and, once indicted by a grand jury, he has no right to a preliminary hearing. The defendant cites no authority for his positions, save the Tennessee state court rule, and I find that no authority exists. I recommend that the motion be dismissed as it has no basis in law and is frivolous.

**IT IS THE FINDING AND RECOMMENDATION TO SENIOR JUDGE RICHARD G. KOPF:**

1. That the defendant's Motion to Dismiss the Indictment and Motion to have Preliminary Hearing (#24) should be dismissed, and any issue raised in the motion be deemed abandoned for violation of Local Rule of the United States District Court for the District of Nebraska 12.3(b)(1).

2. If my conclusions regarding the local rule are incorrect, I would recommend denial of defendant's motion as it is without a basis in law and is frivolous.

---

[3] The court does note that the pleading references Exhibit A, page 1 of 3, which appears to be a court rule of the state court of Tennessee–a reference of no legal consequence to a defendant charged in federal court.

3.  Defendant's request for an evidentiary hearing on his motion (#24) is denied. The hearing is unnecessary as the issues within the motion are determined from the pleadings as a matter of law.

4.  The clerk of the court is directed to mail a copy of this order to the defendant at his last-known address.

Dated this 15th day of October 2012.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge

**NOTICE**

A party may object to the magistrate judge's findings and recommendations by filing a "Statement of Objections to Magistrate Judge's Findings and Recommendations" within 14 days of being served with the findings and recommendations.  The objecting party must comply with all requirements of NeCrimR 59.2.