IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:12CR271 |
| V. | ) | |
| PAUL ROSBERG, KELLY ROSBERG, | ) | ORDER |
| Defendants. | ) | |

This is a relatively complex criminal case. Among other things, the government claims that the defendants engaged in a conspiracy to sell misbranded meat products to, among others, the Omaha Public Schools. Both defendants are proceeding pro se, but I have determined that standby counsel are needed in the interests of justice for each defendant and to protect the integrity of the judicial proceedings. A jury trial of this matter is currently set to commence on September 30, 2013, and the parties have been given 12 days to try the case.

Because of the expected length of the trial in this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, under the *Guide to Judiciary Policy* (Guide), Volume 7, Part A, § 230.73.10, the following procedures for interim payments will apply during the course of Michael D. Nelson's representation of Defendant Kelly Rosberg. Mr. Nelson formerly served as counsel of record for Mrs. Rosberg but he was granted leave to withdraw when Mrs. Rosberg decided to proceed pro se and is now serving as standby counsel at my direction. Horacio J. Wheelock, who serves as standby counsel for Defendant Paul Rosberg at my direction, is likewise entitled to interim payments.

Accordingly,

IT IS ORDERED that:

**1. Submission of Vouchers**

Counsel should submit to the court clerk, once each month, an interim Form CJA 20, Appointment of and Authority to Pay Court Appointed Counsel. Compensation earned and reimbursable expenses incurred each month should be claimed on an interim voucher submitted no later than the twentieth day of each month, or the first business day thereafter. The first interim voucher submitted should reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to May 1, 2013, and should be submitted no later than May 20, 2013; thereafter, the vouchers should be submitted each month according to the schedule outlined above. Counsel should complete Item 19 on the form for each interim voucher. Each interim voucher should be assigned a number when processed for payment. Interim vouchers should be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers should be supported by detailed and itemized time and expense statements. Guide, Volume 7A, § 230 outlines the procedures and rules for claims by CJA attorneys and should be followed on each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for 80 percent of the approved number of hours. This compensation will be determined by multiplying 80 percent of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel should submit a final voucher seeking payment of the 20 percent balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher should set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel should reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, I will submit it to the chief judge of the circuit or his or her delegate for review and approval.

## 2. Reimbursable Expenses

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $500.00 without prior approval of the court. Such approval may be sought by filing an *ex parte* application with the clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs are not considered single expenses requiring court approval.

With respect to travel outside of the city/county of Omaha, Nebraska, for the purpose of consulting with the client or the client's former counsel, interviewing witnesses, etc., the $500.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500.00, the travel should receive prior approval of the court.

The following additional guidelines may be helpful to counsel:

(a)   Case related travel by privately owned automobile should be claimed at the rate of 56.5 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. Counsel and persons providing services under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

(b)   Actual expenses incurred for meals and lodging while traveling outside of the city/county of Omaha, Nebraska, in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal

judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

(c)   Telephone toll calls, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R.Crim. P. 17 and 28 U.S.C.§ 1825.

### 3. Further Guidance

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C.§ 3006A; (2) the Plan of the United States District Court for District of Nebraska, available through the clerk, and (3) the Guide, Vol 7A (Guidelines for Administering the CJA and Related Statutes), published by the Administrative Office of the U.S. Courts and also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiries directly to me or my staff.

### 4. Other

The motion for interim payment (filing 135) is granted as provided herein.

_____
Senior United States District Judge            April 22, 2013

_____
Chief Judge of the United States            Date    April 24, 2013
Court of Appeals for the Circuit

4