IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:12CR271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| PAUL ROSBERG and | ) | |
| KELLY ROSBERG, | ) | |
| | ) | |
| Defendants. | ) | |

This memorandum and order will address five motions to suppress that have been filed by the defendants (filings 91, 102, 104, 106, 123). Each of these motions will be denied.

Filing 91
"Motion to Suppress Statements and Taped Confession"

This motion to suppress concerns (1) a recorded statement that Paul Rosberg provided to OIG Special Agent Brett Dickerson on November 1, 2011, and (2) tape recordings of conversations between Paul Rosberg, Leanay Petersen, and Roger Anderson. At the suppression hearing on April 5, 2013, the defendants withdrew that part of the motion which concerns the recorded statement. *See* filing 125 (text minute entry). As to the remainder of the motion, I find that it should be denied.

The defendants assert that portions of the recordings are inaudible, possibly because of alterations made by the government. This objection can be raised by the defendants at trial (or shortly beforehand, by means of a motion in limine), and does

need to be dealt with at this time.[1]  Because the government has not yet indicated that it intends to offer any of the tape recordings (or transcripts thereof) into evidence, the defendant's challenge to the audibility and authenticity of the evidence is premature.

The defendants further object that Paul Rosberg was not informed that his conversations were being recorded, but they have not cited any authority for the proposition that such recording was unlawful.  The government has indicated that

---

[1] The difference between motions to suppress and evidentiary objections was explained recently by the United States Court of Appeals for the Seventh Circuit in *United States v. Acox*, 595 F.3d 729, 732-33 (7th Cir. 2010):

> The term "motion to suppress" covers efforts to invoke the exclusionary rule, or the *Miranda* doctrine, or the many other constitutional and statutory rules that keep probative evidence out of the trial record. . . .
>
> Although the Rules of Criminal Procedure do not define "motion to suppress", the phrase may be given meaning by thinking about what it is not: a motion under a Rule of Evidence. An objection based on those rules may be made during trial. Fed.R.Evid. 103(a)(1). A request for a decision under the Rules of Evidence may be made before trial (lawyers often call these "motions in limine"). . . . But if the judge does not order the parties to join issue on a given subject before trial, objections based on relevance, hearsay, privileges, settlement negotiations, and the many other subjects of the rules may wait until trial.
>
> Objections outside the Rules of Evidence properly may be called "motions to suppress". *Cf. Jones v. United States*, 362 U.S. 257, 264, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *United States v. Barletta*, 644 F.2d 50, 54 (1st Cir.1981). Nothing in the Rules of Evidence allows a court to reject relevant, inculpatory evidence seized from the defendant's home, heard during a wiretap, based on his confession, or derived from a lineup. In order to have such evidence excluded, a defendant must rely on some norm that is outside the Rules of Evidence. That's the line between motions to suppress, which must be made before trial, and objections, which may be made during trial.

Agent Dickerson recorded a call that Paul Rosberg placed to him on November 4, 2011; the call presumably originated in Nebraska and was received in South Dakota. This recording was not unlawful under state or federal law. *See* Neb. Rev. Stat. § 86-290(2)(b) ("It is not unlawful under sections 86-271 to 86-295 for a person acting under color of law to intercept a wire, electronic, or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."); S.D. Codified Laws § 23A-35A-20(1) ("Except as provided in § 23A-35A-21, a person is guilty of a Class 5 felony who being . . . [n]ot a sender or receiver of a telephone or telegraph communication, intentionally and by means of an eavesdropping device overhears or records a telephone or telegraph communication, or aids, authorizes, employs, procures, or permits another to so do, without the consent of either a sender or receiver thereof[.]"); 18 U.S.C. § 2511(2)(a)(iii)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."). "It is well settled that a law enforcement agent may record conversations between himself and another party without violating the Fourth Amendment." *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir. 1993).

## Filing 102
### "Motion to Suppress Bribed Witness Testimony"

The defendants seek suppression of any statements made by witnesses who receive non-prosecution agreements. The existence of a non-prosecution agreement reflects upon a witness's credibility, *see United States v. Thorpe,* 447 F.3d 565, 568 (8th Cir. 2006), but it does not render the witness's testimony inadmissible. The motion to suppress will be denied.

-3-

Filing 104
"Motion to Suppress Evidence"

The defendants seek to suppress "any and all physical evidence, statements, observations, and derivative evidence obtained as a result of the execution of the purported authority of a search warrant issued on October 26, 2011, and all subsequent evidence derived as 'fruit of the poisonous tree.'" On the evidence presented, I find there was probable cause for issuance of the search warrant.

Filing 106
"Motion to Suppress Noah Jones Statement and
Any Other Verbal or Taped Recordings with Government Officials"

This motion to suppress concerns (1) statements made by Noah Jones to Agent Dickerson on November 1, 2011, and (2) a recorded conversation between Leanay Peterson and Roger Anderson.  I find that the motion should be denied.

The evidence establishes that Noah Jones (the defendants' son) was an adult on November 1, 2011.  Thus, the defendants do not have standing to challenge his statement as having been given under duress and without their consent.

The defendants object that the recording of the Peterson/Anderson conversation was modified by the government and is largely inaudible.  As with the tape recording which is the subject of filing 91, this objection is premature.

Filing 123
"Motion to Suppress Evidence (Labels)"

Finally, the defendants seek suppression of "any and all physical evidence, statements, observations, and derivative evidence obtained by law enforcement authorities on or about October 19, 2011, and/or October 28, 2011, including labels on beef product, as such evidence was seized without probable cause and without a

-4-

search warrant."  The defendants contend they retained an ownership interest in the beef product, but it is undisputed that Omaha Public Schools had lawful possession of the product, which Nebraska's Finest Meats had delivered to the Benson High Magnet School and the Lewis and Clark Middle School.  "It is well established that one exercising full or substantial control over premises may consent to a search and the evidence seized is admissible against third persons not party to the search proceedings."  *Friedman v. United States*, 381 F.2d 155, 158 (8th Cir. 1967).  "Even in the absence of probable cause or a warrant, police officers may search an area if they obtain a voluntary consent from someone possessing adequate authority over the area."  *United States v. Barahona*, 990 F.2d 412, 417 (8th Cir. 1993).  The evidence shows that investigators were permitted to inspect the beef product at both schools, and that they ordered the product detained under authority of 21 U.S.C. § 672 after observing that the product had been packed in boxes without proper labeling.  There was no violation of the defendants' Fourth Amendment rights.

Accordingly,

IT IS ORDERED that the defendants' motions to suppress (filings 91, 102, 104, 106, 123) are denied in all respects.

DATED this 29th day of April, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.