IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR271 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| PAUL ROSBERG and | ) | AND ORDER |
| KELLY ROSBERG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 4, 2013, the court conducted a hearing on Plaintiff's motion for a protective order against Defendant Paul Rosberg. Now, on the evidence presented, the court enters the following findings of fact and conclusions of law:

1. Paul Rosberg was indicted on August 22, 2012, by a federal grand jury in the United States District Court for the District of Nebraska in the above-styled case. Paul Rosberg was charged with conspiracy to sell, transport, and offer for sale and transport, meat products that were misbranded, and that were required to be inspected by the USDA. Paul Rosberg was also charged in that same indictment with the illegal sale of misbranded meat and meat products, sale of uninspected meat products, false representation as to inspected meat and meat products, and making false statements to a government agency. Roger A. Anderson (Anderson), Leanay E. Petersen (Petersen), and Randolph Teboe (Teboe) are expected witnesses in the federal criminal case against Paul Rosberg.

2. Paul Rosberg filed a civil action in the District Court of Cedar County, Nebraska on September 24, 2012, against federal meat inspector Jeff Jacobsen (Jacobsen), alleging that Jacobsen made false statements resulting in the federal indictment of Paul Rosberg. The United States of America removed said case to the

United States District Court for the District of Nebraska on October 31, 2012, (Case No. 4:12CV3221), and filed a certification that Jacobsen had been working within the scope of his employment at the time of the incident out of which Paul Rosberg's claim arose. The United States thereafter filed its motion asking that the United States should be substituted as defendant in the place of Jacobsen, and that the case be dismissed for lack of jurisdiction.

3. The United States District Court for the District of Nebraska issued a Memorandum Order and Judgment ordering the substitution of the United States as defendant in the place of Jacobsen and dismissing the case without prejudice.

4. Paul Rosberg filed a civil action in the District Court of Cedar County, Nebraska in case number CI 12-60, on October 19, 2012. Paul Rosberg alleged in said civil suit that each of the three defendants Anderson, Petersen and Teboe made false statements that led to Paul Rosberg's indictment in federal court. Paul Rosberg sought damages of three million dollars. Anderson and Teboe each felt substantial emotional distress after reading the complaint, and it is reasonable to assume that Petersen felt the same.

5. On or about December 5, 2012, Paul Rosberg caused the issuances of subpoenas to Anderson, Petersen, and Teboe, commanding each of them to appear for depositions on December 7, 2012, regarding the state-filed case. Anderson and Teboe each felt substantial emotional distress after receiving their deposition notices, and it is reasonable to assume that Petersen felt the same.

6. On or about December 5, 2012, the United States America, pursuant to the authority granted by 28 U.S.C. § 517, appeared in the above case CI 12-60, in the District Court of Cedar County Nebraska, and moved that Court to stay all proceedings, including all pending depositions, and any other progression in the case.

7. On or about December 6, 2012, District Judge Judge Paul J. Vaughan of the District Court of Cedar County Nebraska, issued a temporary order staying all proceedings until a telephonic hearing could be conducted.

8. On or about December 10, 2012, Judge Vaughan conducted a telephonic hearing on the matter of the motion of the United States to stay all proceedings. After hearing from all parties, the Judge Vaughan issued an order continuing the temporary

stay of all proceedings until the Court could conduct an in-person hearing on the matter.

9. On or about January 14, 2013, the parties appeared in the District Court of Cedar County Nebraska, and a hearing was conducted on the motion of the United States to stay all proceedings.

10. On or about January 18, 2013, Judge Vaughan issued an order staying all proceedings in said case, for a period of 120 days, unless the stay be extended for good cause shown.

11. On or about January 30, 2013, the United States of America moved the District Court of Cedar County to continue the stay imposed for a period of an additional 90 days, due to the filing of a superseding indictment against Paul Rosberg in the federal criminal case.

12. On or about February 12, 2013, the parties appeared in the District Court of Cedar County Nebraska, and a hearing was conducted on the motion of the United States to extend the stay of proceedings for an additional 90 days.

13. On or about February 12, 2013, Judge Vaughan issued an order extending the stay of all proceedings until August 20, 2013, unless the stay be extending for good cause shown.

14. On or about March 28, 2013, the United States of America moved the District Court of Cedar County Nebraska to further extend the stay imposed to November 1, 2013, due to an order issued in the federal criminal case, delaying the commencement of the federal criminal trial until September 30, 2013.

15. On or about April 22, 2013, the parties appeared in the District Court of Cedar County Nebraska, and a hearing was conducted on the motion of the United States to further extend the stay of proceedings until November 1, 2013.

16. On or about April 23, Judge Vaughan issued an order further extending the stay of all proceedings until November 1, 2013.

17. On or about January 2, 2013, Paul Rosberg caused the issuances of subpoenas to Anderson, and Petersen, commanding each of them to appear for depositions on January 7, 2013, for testimony in the case entitled Paul A. Rosberg v. Everett Lunquist, et al., Case No. CI 12-515 in the District Court of Lancaster County,

Nebraska. Anderson felt substantial emotional distress after receiving the deposition subpoena, and it is reasonable to assume that Petersen felt the same.

18. On or about February 20, 2013, District Judge Paul D. Merritt, Jr. of the Lancaster County District Court issued an order quashing the subpoenas set forth in the preceding paragraph, and awarded monetary judgments in favor of Anderson and Petersen and against Paul Rosberg, agreeing that Paul Rosberg's attempts to take Anderson's and Petersen's depositions were "in bad faith and unreasonably intended 'to annoy, embarrass, oppress or intimidate' them."

19. On or about May 6, 2013, Paul Rosberg sued Petersen in the Small Claims Court for Cedar County Nebraska, case number SC 13-11 alleging failure to pay disputes from meat processed at Paul Rosberg's meat processing facility. On or about May 9, 2013, counsel for Petersen took action to remove said case to the civil docket of the County Court of Cedar County, Nebraska, case number CI 13-82, where the case is currently pending.

20. On or about May 6, 2013, Paul Rosberg sued Anderson in the Small Claims Court for Cedar County Nebraska, case number SC 13-12, alleging failure to pay disputes from meat processed at Paul Rosberg's meat processing facility and other matters. On or about May 9, 2013, counsel for Anderson took action to remove said case to the civil docket of the County Court of Cedar County, Nebraska, case number CI 13-83. Anderson felt substantial emotional distress after reading the allegations in the lawsuit. Plaintiff represents that the case was subsequently dismissed by Paul Rosberg and refiled in District Court.

21. On or about May 20, 2013, Paul Rosberg filed an "Affidavit and Application for Order to Show Cause" and related papers, in the District Court of Holt County, Nebraska, in case number CR 09-17, entitled State of Nebraska v. Leanay Petersen, seeking an order of probation violation from the Court concerning Petersen. It is reasonable to assume that Petersen felt substantial emotional distress after reviewing the affidavit and application.

22. The aforesaid actions and course of conduct by Paul Rosberg directed at Anderson, Teboe, and Petersen have caused substantial emotional distress in such persons and have served no legitimate purpose.

23. Paul Rosberg will suffer no real injury if he is enjoined from engaging in litigation activities with Anderson, Teboe, and Petersen during the pendency of this criminal case, the trial of which is scheduled to begin on October 2, 2013.

Accordingly,

IT IS ORDERED that Plaintiff's motion for a protective order (filing 172) is granted pursuant to 18 U.S.C. § 1514(b), as follows:

1. So long as this criminal case remains pending against him, Defendant Paul Rosberg is enjoined from taking any further action in any pending lawsuit filed by him against Roger A. Anderson, Leanay E. Petersen, or Randolph Teboe, or in the Holt County criminal case pending against Leanay E. Petersen, and he is also enjoined from filing any new lawsuit against any of these three persons.[1]

2. Plaintiff shall file a list of expected trial witnesses within 10 days so that Paul Rosberg will be on notice of the same.

DATED this 4th day of September, 2013.

            BY THE COURT:

            s/ *Richard G. Kopf*
            Senior United States District Judge

---

[1] Defendant is advised that a knowing and intentional violation or attempt to violate this order may result in a fine, imprisonment for not more than 5 years, or both. See 18 U.S.C. § 1514(c).