IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR271 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL ROSBERG and | ) | MEMORANDUM AND ORDER |
| KELLY ROSBERG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is scheduled for a jury trial starting October 2, 2013. The defendants have chosen to represent themselves, but I have appointed standby counsel.

It occurs to me that I should address the question of the duties of standby counsel at trial. It is my inclination not to allow "hybrid representation" by standby counsel during the trial. In the Appendix, which is attached hereto, is a summary description of the case law in this Circuit on "hybrid representation."

Here are my tentative views:

\*  It is my inclination to require that the defendants ask their own voir dire questions, make their own opening statements, conduct their own cross-examination of government witnesses, make their own objections to evidence and other rulings by the Court, make their own motions at the end the government's case and at th end of trial, conduct their own direct examinations of their witnesses and conduct their own closing statements.

\*  If a defendant elects to testify, it is my inclination to allow the defendant to testify in narrative fashion free of the normal constraints but not in response to

questions put by standby counsel. I will permit standby counsel to advise such a defendant regarding objections on direct examination and cross-examination questions which appear to be improper. I will also allow standby counsel to take a position near the defendant while a defendant testifies.

\*   It is my inclination to limit standby counsel to advising a defendant if a defendant seeks the advice of standby counsel and, additionally, responding to any questions or comments that I address to standby counsel.

Why I am inclined to implement these restrictions and limitations? There are numerous reasons, and I give only three of them as examples.

First, I wish to avoid any later dispute that standby counsel was ineffective during the trial or that a defendant made a de facto or unstated attempt to proceed with counsel rather than representing himself or herself pro se. Second, I wish to avoid any later dispute that standby counsel somehow "high jacked" the defense of the case from a defendant. Third, I wish to avoid confusing the jury about the precise position taken by a defendant.

Accordingly,

IT IS ORDERED that counsel for the government, the defendants, and standby counsel should be prepared to discuss matters of "hybrid representation" with me on the first day of trial and prior to the selection of the jury. After that, I will make a ruling.

IT IS ALSO ORDERED that the Clerk shall provide notice to counsel of this filing and provide Mr. and Mrs. Rosberg with a copy of this document. In addition to mailing a copy to Mr. Rosberg's home address, a copy shall also be mailed to Mr. Rosberg at the address provided by the United States Marshals Service since Mr. Rosberg is presently in custody.

September 16, 2013        BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

## *APPENDIX*

United States v. Summage  575 F.3d 864, 876 (8th Cir. 2009):

Summage appeals the district court's decision to deny him hybrid representation, which we review for abuse of discretion. United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir.1998).

A defendant has the right to be represented by counsel, see Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), or to represent himself, see Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), but a defendant does not have a "constitutional right to hybrid representation; it is available at the district court's discretion." Einfeldt, 138 F.3d at 378; see also McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). While a pro se defendant "must be allowed to control the organization and content of his own defense," McKaskle, 465 U.S. at 174, 104 S.Ct. 944, he "does not have a constitutional right to choreograph special appearances by counsel," id. at 183, 104 S.Ct. 944. Summage knowingly and voluntarily waived his right to counsel, and the district court did not abuse its discretion in denying Summage's request for hybrid representation.

United States v. Einfeldt  138 F.3d 373, 378 (8th Cir. 1998):

Einfeldt chose to represent himself at trial, but requested standby counsel to help him with technical aspects of the trial such as objections. The district court allowed standby counsel to be present but directed that counsel not speak during the government's case-in-chief. Before the second day of trial, standby counsel asked permission to make objections for Einfeldt. After confirming that Einfeldt still wanted to otherwise represent himself, the court granted this request. Einfeldt argues on appeal that he was denied the kind of "hybrid" representation he requested, and this violated his Sixth Amendment right to counsel under Faretta v. California, 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541–42, 45 L.Ed.2d 562 (1975). This contention is without merit. There is no constitutional right to hybrid representation; it is available

3

at the district court's discretion. See United States v. Swinney, 970 F.2d 494, 498 (8th Cir.), cert. denied, 506 U.S. 1011, 113 S.Ct. 632, 121 L.Ed.2d 563 (1992); United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir.1989), cert. denied, 494 U.S. 1005, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990). The district court made a commendable effort to honor Einfeldt's decision to represent himself while providing him meaningful assistance of standby counsel. The resulting arrangement was clearly no abuse of the court's discretion. "A defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122 (1984).

Cooley v. Nix  1993 WL 122093, *1-2 (8th Cir. 1993) (unpublished):

> Cooley's Sixth Amendment right is, however, either to selfrepresentation or to representation by counsel, not to hybrid or dual representation. United States v. Lewis, 738 F.2d 916, 924 (8th Cir. 1984), cert. denied, 470 U.S. 1006 (1985). However Cooley phrases his argument, the actions of which he complains amount to a denial of hybrid representation. Therefore, although the trial court had the discretion to permit hybrid representation, its refusal to do so or to allow choreographed appearances by standby counsel does not implicate Cooley's right to represent himself. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984); United States v. Nivica, 887 F.2d 1110, 1121 (1st Cir. 1989), cert. denied, 494 U.S. 1005 (1990). Further, absent some indication of abuse of discretion, a trial court's limitations on the in-court conduct of standby counsel are not error. See, e.g., United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988), cert. denied, 489 U.S. 1071 (1989); United States v. Payne, 923 F.2d 595, 598 (8th Cir. 1991), cert. denied, 111 S. Ct. 2830 (1991); Nivica, 887 F.2d at 1121.

> Having broad discretion to deny hybrid representation and to circumscribe counsel's role if hybrid representation is granted, a trial court necessarily has the discretion to place restrictions on standby counsel's in-court role in cases of pure self-representation. The trial court, although not required to, appointed standby counsel, arranged for Cooley to have access to standby counsel, did not refuse any request by Cooley to confer with standby counsel, and permitted standby counsel to perform direct examination of Cooley using questions Cooley had drafted to accommodate the otherwise awkward situation of Cooley questioning himself. In sum, the trial court did more to accommodate Cooley, who avidly insisted on performing all trial functions, than his situation deserved and we find no abuse of discretion. See Payne, 923 F.2d at 598.

Further, as the magistrate FN4 aptly noted, the Faretta right to self-representation does not transport the trial court to Wonderland, where unsolicited interjections by standby counsel which it allows and unsolicited interjections by standby counsel which it disallows both may violate the right. See Faretta, 422 U.S. at 833-36); McKaskle, 465 U.S. at 178-79. Cooley does not dispute that he knowingly and intelligently relinquished his right to representation by counsel, and insisted on representing himself and performing all trial functions. A knowing and intelligent waiver means that he knew he was relinquishing, "as a ... factual matter, many of the traditional benefits associated with the right to counsel." Faretta, 422 U.S. at 835. The trial court gave him ample opportunity to reassert his right to representation by counsel, which he declined. Cooley's arguments that the trial court should have permitted standby counsel's unsolicited interjections and argument amount to a complaint that he could not have his cake (self-representation) and eat it too (representation by counsel). We refuse to require trial courts to venture into a land where they are required to grant mutually exclusive rights.