IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR271 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL ROSBERG, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Paul Rosberg (Rosberg) has filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion.[1] It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that he is not entitled to relief. Because it evident that Rosberg's motion is frivolous, my analysis need only be brief.

Rosberg was charged with multiple counts under meat inspection and related laws. For example, he was charged with selling meat to the Omaha Public Schools that was not processed in accordance with the meat inspection statutes. In a separate case, he was also charged with trying to persuade someone to harm a government witness.

I personally handled the great bulk of this case (without the assistance of a magistrate judge) because Rosberg originally proceeded without counsel and because Rosberg is a handful. I insisted that he have court compensated standby counsel with

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

him at all times even though I suspected he had the ability to hire his own lawyer. Rosberg came to trust standby counsel after much effort by that sainted lawyer.

I have been a judge for over 25 years. I spent more time dealing with Rosberg than any other defendant that I have had before me. Rosberg is a brilliant person and, at times, a likeable fellow, a federal government hater, a layman who thinks he knows more about the law than anyone else, and a man who will say or do things that are untrue if it has anything to do with the federal government. This is all a game to him.

Ultimately, after days and days of hearings and as the anticipated three week trial approached, it became apparent that Rosberg would be crushed. He was looking at some serious time. He agreed to accept counsel (standby counsel took over) and Rosberg pleaded guilty. The government gave Rosberg a good deal which capped his sentencing exposure to 18 months in prison along with other punishments. The government agreed to dismiss the solicitation charge against him and to proceed against Mrs. Rosberg on a misdemeanor.

I sentenced Rosberg to 18 months in prison, one year of supervised release, a fine of $8,450, required Rosberg to reimburse the Criminal Justice Act for the fees of counsel (both standby and regular), and required Rosberg to pay the lawyers' fees for witnesses who had been wrongly sued by Rosberg. (Filing no. 215; filing no. 253.)[2]

First, Rosberg contends that his guilty plea was not knowing, intelligent or voluntary. But, the record is plainly to the contrary. (*See*, for example, filing no. 210 (12 page petition to enter plea of guilty); filing no. 211, paragraph IIB at p. 3 (nine page plea agreement including especially paragraph IIB for a detailed recitation of the factual

---

[2]Rosberg refused to give the probation officer a financial statement. But, it is apparent that Rosberg owned five bank accounts, a 720 acre farm, 4.5 acres in another county, four pickup trucks, three cars, one sem-truck, one grain truck, and that he had at least $15,000 of cash on hand. Rosberg admitted to owning cattle and having grain on hand but refused to estimate the number or value of these commodities or the value of any of his other tangible or intangible assets. (*See* the presentence report, filing no. 251 paragraphs 95-97 p. 20.)

basis); filing no. 263 (a plea transcript that goes on for 44 pages. It also shows the plea hearing lasted one hour and nine minutes).)

Second, Rosberg complains that he was not given all the discovery he was entitled to receive or that the government lost or destroyed certain items of evidence or that the government withheld exculpatory evidence and he was therefore denied due process. This claim fails for multiple reasons. All of these arguments were taken up by me in laborious hearings and resolved against Rosberg as the record reflects. He makes no effort to overcome any of my rulings except to reargue what I previously found to have no merit. Still further, his guilty plea waived any such arguments. Even further, he did not perfect and follow through with a direct appeal where these issues should have been raised, and he has therefore defaulted them.

Finally, Rosberg has waived his right to seek post conviction relief. (Filing no. 211, paragraph VI at p. 7.) None of the arguments raised by Rosberg fall within the exceptions to that waiver.

IT IS ORDERED that:

1. The Motion to Vacate under 28 U.S.C. § 2255 (filing no. 286) is denied and dismissed with prejudice.

2. No certificate of appealability will be issued.

3. A separate judgment will be issued.

DATED this 9th day of May, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

3